**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SUNSTAR AMERICAS, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| MD BRUSH LLC, | ) | Jury Trial Demanded |
| | ) | |
| *Defendant.* | ) | |

**COMPLAINT**

Plaintiff Sunstar Americas, Inc. ("Sunstar") complains against Defendant MD Brush LLC ("MD Brush"), as follows:

**Parties**

1.      Sunstar is a corporation organized under the laws of the State of Delaware and has its principal place of business at 4635 West Foster Avenue, Chicago, Illinois 60630. Sunstar sells oral health care products to oral health care professionals and consumers. Among Sunstar's more successful products are its GUM® brand Technique® toothbrushes. Sunstar's Technique® toothbrushes include a patented handle that helps the user brush at the optimal angle to clean gums and teeth effectively.

2.      Upon information and belief, MD Brush is a limited liability corporation organized under the laws of the State of Texas and has its principal place of business at 6915 Broadway, Pearland, Texas 77581.

**Jurisdiction and Venue**

3.     This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and § 1338(a).

4.     This Court has personal jurisdiction over MD Brush because MD Brush has transacted business within the State of Illinois and because MD Brush has committed one or more acts of infringement as described herein within the Northern District of Illinois.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400(b) because MD Brush resides within the Northern District of Illinois as residence is defined in 28 U.S.C. § 1391(c).

**Factual Background**

6.     U.S. Patent No. 6,601,272 ("the '272 Patent") is entitled "Dental Hygiene System Handle" and was issued by the United States Patent and Trademark Office on August 5, 2003.  A true and correct copy of the '272 Patent is attached as Exhibit A to this Complaint.

7.     The '272 Patent is directed to a dental hygiene system handle, such as a handle for a toothbrush.  The handle includes elastomeric lands for receiving the thumb and forefinger of a user.  As stated in the '272 patent, "[t]he significance of the handle design is particularly apparent when the Bass method of tooth brushing is considered.  This technique is the most widely recommended method for using a toothbrush…."

8.     Sunstar's Technique® toothbrushes are designed to promote the Bass method of tooth brushing and have been on sale since at least as early as 2002.

9.     Sunstar is the assignee and rightful owner of the '272 Patent.  A copy of the assignment from the named inventors, Christopher Stvartak and Kevin Yost, to John O. Butler

Company was recorded in the United States Patent and Trademark Office on July 25, 2001, at reel 012027 frame 0908. Sunstar is the successor to John O. Butler Company, including all rights to the '272 patent.

10. MD Brush sells and offers for sale in the United States and in this judicial district toothbrushes with elastomeric lands incorporated into a plastic handle (the "Accused Toothbrush"). MD Brush refers to the Accused Toothbrush on its website (www.mdbrush.com) (the "MD Brush Website") as the "Ultimate Toothbrush" and falsely and misleadingly claims that "It is the first and only brush designed exclusively for the dentist-preferred 'Bass' brushing technique...." This statement is literally false or misleading to consumers because Sunstar's Technique® toothbrushes are designed for the Bass brushing technique and were on sale prior to the Accused Toothbrush.

11. MD Brush markets and sells the Accused Toothbrush through the MD Brush Website. The MD Brush Website is accessible throughout the United States, including within the Northern District of Illinois, and includes a section where consumers can purchase the Accused Toothbrush from MD Brush. The MD Brush Website offers an ongoing toothbrush subscription so that the Accused Toothbrushes are "delivered right to your front door," explaining "you can order your MD Brush as a 2-pack, a 6-pack or get a new one dropped in your mailbox every three months." The order form at this website provides a drop-down menu of states, including Illinois, where the Accused Toothbrush can be sold and shipped. Screenshots of the MD Brush Website are attached as Exhibit B.

12. On information and belief, MD Brush imports the Accused Toothbrush into the United States.

13.     MD Brush has established contacts within the Northern District of Illinois and purposefully availed itself of this jurisdiction by offering to sell, shipping and selling the Accused Toothbrush to and in the Northern District of Illinois.

**Claims**

*Count 1 — Patent Infringement*

14.     Sunstar restates and incorporates by reference the allegations in paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15.     Defendant MD Brush, by itself, and through its subsidiaries, affiliates, and/or agents has been, and is, infringing the '272 Patent by offering to sell and selling the Accused Toothbrushes in the United States and in this district.  The Accused Toothbrushes are shown in the attached Exhibit B, which are on sale on the MD Brush Website.  Unless enjoined by the Court, MD Brush will continue to infringe the '272 Patent.

16.     MD Brush's infringement of the '272 Patent has injured Sunstar, and Sunstar is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

17.     On information and belief, the infringement by MD Brush has been willful and will irreparably harm Sunstar unless the Court enters an injunction prohibiting further infringement of the '272 Patent.

*Count II – Lanham Act False Representation*

18.     Sunstar restates and incorporates by reference the allegations in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19.     In connection with the marketing and advertising of its goods, MD Brush uses false or misleading descriptions of fact, or false or misleading representations of fact that misrepresents the nature, characteristics, or qualities of MD Brush's goods or commercial

activities. For example, MD Brush states on the MD Brush Website that the Accused Toothbrush "is the first and only brush designed exclusively for the dentist-preferred 'Bass' brushing technique...." This statement is false or likely to deceive consumers because Sunstar's Technique® toothbrushes are designed for the Bass brushing technique, as described in the '272 Patent, and were on sale prior to MD Brush's Accused Toothbrushes.

20.     MD Brush's false statement that the Accused Toothbrush "is the first and only brush designed exclusively for the dentist-preferred 'Bass' brushing technique..." appears on the MD Brush Website in response to a FAQ or "frequently asked question" about "[h]ow… the [Accused Toothbrush] [is] different from other toothbrushes." Consequently, this statement has, on information and belief, actually deceived or has the tendency to deceive a substantial segment of consumers and the statement is likely to influence consumers' purchasing decision.

21.     The MD Brush Website is publicly available. Thus, the statements on the MD Brush Website are available and directed to the market generally, including to Illinois consumers.

22.     Sunstar has been or is likely to be injured as a result of MD Brush's false or misleadingstatement.

23.     MD Brush's conduct described herein violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

24.     Unless enjoined by the Court, MD Brush will continue to do the acts complained of herein and cause damage and injury all to Sunstar's irreparable harm and MD Brush's unjust enrichment.

### *Count III – Illinois Consumer Fraud and Deceptive Trade Practices Act*

25.     Sunstar restates and incorporates by reference the allegations in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

26.     In connection with the marketing and advertising of its goods, MD Brush uses false or misleading descriptions of fact, or false or misleading representations of fact.  For example, MD Brush states on the MD Brush Website that the Accused Toothbrush "is the first and only brush designed exclusively for the dentist-preferred 'Bass' brushing technique...." This statement is false or likely to deceive consumers because Sunstar's Technique[®] toothbrushes are designed for the Bass brushing technique and were on sale prior to MD Brush's Accused Toothbrushes.

27.      The MD Brush Website is publicly available.  Thus, the statements on the MD Brush Website are available and directed to the market generally, including to Illinois consumers.

28.     MD Brush knowingly and willfully made the false statement that the Accused Toothbrush "is the first and only brush designed exclusively for the dentist-preferred 'Bass' brushing technique" to deceive consumers into believing that the Accused Toothbrush was the first brush designed for the Bass brushing technique and that the Accused Toothbrush is without alternatives in the marketplace.  This statement has actually deceived or has the tendency to deceive a substantial segment of consumers and the statement is likely to influence consumers' purchasing decision.

29.     MD Brush's aforesaid misrepresentation occurred in the course of the operation of its business of selling toothbrushes.

30.     Sunstar has been or is likely to be injured as a result of MD Brush's false statement.

31.     MD Brush's conduct described herein violates the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1 – 505/12.

32.     Unless enjoined by the Court, MD Brush will continue to do the acts complained of herein and cause damage and injury all to Sunstar's irreparable harm and MD Brush's unjust enrichment.

### Prayer for Relief

WHEREFORE, Sunstar prays for judgment and relief as follows:

a.  Judgment that the '272 Patent is infringed by Defendant MD Brush;

b.  Judgment that MD Brush's acts of patent infringement are willful;

c.  A permanent injunction enjoining MD Brush, its officers, agents, servants, employees, subsidiaries and affiliated companies, and those persons acting in active concert or participation therewith, from engaging in the aforesaid unlawful acts of patent infringement;

d.  An award of damages arising out of MD Brush's acts of patent infringement, together with pre-judgment and post-judgment interest;

e.  A finding that this an exceptional case under 35 U.S.C. § 285;

f.  Judgment that the damages so adjudged against MD Brush be trebled pursuant to 35 U.S.C. § 284;

g.  Judgment that MD Brush has violated the Lanham Act, 15 U.S.C. § 1125(a)(1)(B);

h.  Judgment that MD Brush has violated the Illinois Consumer Fraud and Deceptive Business Practices Act;

i.  An award of MD Brush's profits and any damages sustained by Sunstar as a result of MD Brush's false and misleading statements pursuant to 15 U.S.C. § 1117 and the Illinois Consumer Fraud and Deceptive Business Practices Act;

j.  An award of Sunstar's reasonable attorneys' fees, costs and expenses incurred in connection with this action; and

k.  Such further and additional relief as the Court deems just and proper.

**Jury Demand**

Sunstar demands a jury trial on all issues and claims so triable.

Dated:  May 14, 2015                    Respectfully submitted,

                                        _/s/  Charles A. Laff_
                                        Charles A. Laff (1558153)
                                          calaff@michaelbest.com
                                        Larry L. Saret (2459337)
                                          llsaret@michaelbest.com
                                        Paul R. Coble (6296105)
                                          pcoble@michaelbest.com
                                        MICHAEL BEST & FRIEDRICH LLP
                                        Two Prudential Plaza
                                        180 N. Stetson Avenue, Suite 2000
                                        Chicago, Illinois  60601-6710
                                        Telephone:  312.222.0800
                                        Facsimile:  312.222.0818